USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: 9-26-16

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- x
:
:
: 1:15-cv-8672 (ALC)
In re VimpelCom, Ltd. Securities Litigation :
: **OPINION AND ORDER**
:
:
------------------------------------------------------------- x

**ANDREW L. CARTER, JR., United States District Judge:**

This is a putative class action brought against VimpelCom, Ltd. ("VimpelCom") and individual VimpelCom executives, pursuant to the Private Securities Litigation Reform Act, 15 U.S.C. § 78u-4 ("PSLRA"). On April 27, 2016, this Court consolidated this action with another against the same defendants, appointed Westway Alliance Corporation ("Westway") as lead plaintiff, and approved Westway's choice of counsel.[1] (ECF No. 31.) The Court appointed Westway as lead plaintiff, rather than a competing group consisting of putative class members Boris Lvov and Richard McColloch ("Lvov and McColloch"). On May 6, 2016, Lvov and McColloch filed a motion for reconsideration of the appointment of Westway as lead plaintiff. For the reasons stated herein, that motion is denied.

## LEGAL STANDARD

"A motion for reconsideration is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *Drapkin v. Mafco Consol. Group, Inc.*, 818 F. Supp. 2d 678, 695 (S.D.N.Y. 2011) (citation and internal quotation marks omitted). "A motion for reconsideration should be granted only when the defendant identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL*

---

[1] The Court subsequently issued an Order on May 4, 2016, updating the caption of the case. (ECF No. 32.)

1

*Irrevocable Trust*, 729 F.3d 99, 104 (2d Cir. 2013) (quoting *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)) (internal quotation marks omitted). To show "manifest injustice," the moving party must ordinarily show that the Court overlooked a key fact in the record or a controlling point of law. *Roland v. McMonagle*, No. 12 Civ. 6331 (JPO), 2015 WL 7288638, at *1 (S.D.N.Y. Nov. 16, 2015) (citing *Cioce v. County of Westchester*, 128 F. App'x. 181, 185 (2d Cir. 2005)).

"Parties should not regard such a motion as an opportunity to take a second bite at the apple." *Pascazi v. Rivera*, No. 13 Civ. 9029 (NSR), 2015 WL 5783944, at *1 (S.D.N.Y. Oct. 1, 2015) (quoting *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012)) (alterations and internal quotation marks omitted). "It is within the sound discretion of the district court whether or not to grant a motion for reconsideration." *Boyd v. J.E. Robert Co.*, No. 05 Civ. 2455 (KAM), 2013 WL 5436969, at *2 (E.D.N.Y. Sept. 27, 2013) (citation omitted); *see also Aczel v. Labonia*, 584 F.3d 52, 61 (2d Cir. 2009) ("A motion seeking [reconsideration] is addressed to the sound discretion of the district court . . ." (citation omitted))."In exercising this discretion, the court must be mindful that a motion for reconsideration is not favored and is properly granted only upon a showing of exceptional circumstances." *Boyd*, 2013 WL 5436969, at *2 (quoting *Nakshin v. Holder*, 360 F. App'x 192, 193 (2d Cir. 2010)) (internal quotation marks omitted).

## DISCUSSION

Under the PSLRA, the presumptive lead plaintiff is the one who (1) "filed the complaint or made a motion in response to a notice," (2) "has the largest financial interest in the relief sought by the class," and (3) "otherwise satisfies the requirements of [Federal Rule of Civil Procedure] Rule 23." 28 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa)-(cc). While courts consider a number

of factors to determine who has the largest financial interest, it is well settled the approximate losses suffered is the most important factor. V*arghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 395 (S.D.N.Y. 2008). To measure financial loss, courts should only consider those losses that will actually be recoverable in a class action. *Topping v. Deloitte Touche Tohmatsu CPA*, 95 F.Supp.3d 607, 617 (S.D.N.Y. 2015). This means, in securities fraud cases, that courts must consider only those losses proximately caused by a defendant's misrepresentations or other fraudulent conduct. *See Dura Pharmaceuticals, Inc. v. Broudo*, 544 U.S. 336 (2005).

In its April 27, 2016, decision, the Court appointed Westway as lead plaintiff after finding that "Westway has adequately established for present purposes that it suffered the largest financial loss and that its loss is recoverable under the causation principle described in *Dura*." *Kux-Kardos v. VimpelCom, Ltd.*, No. 15 Civ. 08672 (ALC), 2016 WL 2604836, at *3 (S.D.N.Y. Apr. 27, 2016). In reaching this conclusion, the Court rejected Lvov and McColloch's argument that Westway had suffered no *recoverable* financial losses within the alleged class period. *Id.* The Court noted that while Westway had sold all of its shares in VimpelCom prior to corrective disclosures issued by VimpelCom on August 13, 2015, and November 3, 2015, Westway did still hold shares on March 12, 2014, and March 18, 2014, when VimpelCom announced that it was facing investigations by the SEC, Dutch authorities, and the United States Department of Justice. *Id.* Those March announcements, the Court held, qualified as partial disclosures for the purposes of loss causation, and thus Westway's losses could be found to have been proximately caused by VimpelCom's misrepresentations or other fraudulent conduct. *Id.* (citing *In re Gentiva Sec. Litig.*, 932 F. Supp. 2d 352, 388 (E.D.N.Y. 2013).

McCulloch and Lvov move for reconsideration on the ground that, while the March 2014 announcements may have constituted partial corrective disclosures, Westway still did not suffer recoverable losses, as it does not "allege an economic loss, which is demonstrated by alleging that the share price fell *significantly* after the truth became known." (Lvov and McColloch Mem., ECF No. 34, at 2 (citation and internal quotation mark omitted)). They continue:

> Since by definition a partial corrective disclosure reveals merely a portion of the truth of the falsity of specific prior statements, in order for a loss to be recoverable under *Dura* and its progeny, a partial corrective disclosure must be accompanied by a significant decline in stock price. . . . None of the complaints allege that VimpelCom's share price fell on the Investigation Disclosures. Acco[r]dingly, under Dura the Investigation Disclosures cannot be partial corrective disclosures, and thus, Westway suffered no recoverable loss.

(*Id.*) They argue that the Court overlooked the fact that Westway did not allege a decline in the share price after the partial corrective disclosures and thus cannot demonstrate any economic loss. (*Id.* at 3.) Thus, they argue, the Court overlooked a matter that might reasonably alter its conclusion and reconsideration is warranted. (*Id.* at 2 (citing *Small v. Nobel Biocare USA, LLC*, 2012 WL 952396 (NRB), at *2 (S.D.N.Y. Mar. 21, 2012).

While the Court agrees with Lvov and McColloch's characterization of the requirements for a loss to be recoverable, it does not agree that here, there are no losses attributable to the partial corrective disclosures. This is because, in Westway's response to the motion for reconsideration, Westway alleges that stock prices dropped following the March disclosures. (Pl.'s Mem., ECF No. 37, at 4.) Specifically, Westway alleges that following the March 12, 2014, announcement, "VimpelCom stock dropped from $8.79 to $8.54 ($0.25 or a 2.9% decline)" and that on March 14, 2014, "at around 10:56 a.m. Eastern Standard Time news of the investigation was accepted and posted on the SEC, and the stock dropped from $9.07 to $8.57." (*Id.*) As the Court may take judicial notice of well-publicized stock prices, *see Ganino v. Citizens*

*Utils. Co.*, 228 F.3d 154, 170 n. 8 (2d Cir. 2000), it need not rely solely on Westway's allegations in its motion papers and may look to the publicized stock prices themselves.

Lvov and McCulloch describe Westway's allegations as a "frivolous attempt to salvage the fundamental defects by retrospectively creating stock drops upon the Investigation Disclosures has no basis in fact or law." (Lvov and McCulloch Reply, ECF No. 39, at 4.) They argue that Westway's alleged price drops look at the wrong days and impermissibly rely on temporary stock price declines during intraday trading, rather than prices at closing. (*Id.* at 4-5.) From a review of VimpelCom stock prices in March 2014, it is clear that Lvov and McCulloch are correct in at least one regard: whether it can be said that stock prices fell—and that Westway suffered losses—in the wake of the March announcements depends on the dates and the point of the trading day considered.[2]

However, Lvov and McCulloch's arguments are not properly decided by the Court at this stage. As an initial matter, courts in this Circuit have frequently allowed cases to proceed under theories based on intraday price fluctuations. *See, e.g. Khunt v. Alibaba Grp. Holding Ltd.*, 102 F. Supp. 3d 523, 527 (S.D.N.Y. 2015); *In re MBIA, Inc., Sec. Litig.*, 700 F. Supp. 2d 566, 596 (S.D.N.Y. 2010); *In re Openwave Sys. Sec. Litig.*, 528 F. Supp. 2d 236, 253 (S.D.N.Y. 2007); *In re GeoPharma, Inc. Sec. Litig.*, 399 F. Supp. 2d 432, 439 (S.D.N.Y. 2005). Further, arguments about "whether to measure the price drop by reference to the intra-day high price or the closing price should not be resolved on the pleadings." *MBIA, Inc.*, 700 F. Supp. 2d at 596 (quoting *Openwave*, 528 F. Supp. 2d at 253) (alterations and internal quotation marks omitted). How to measure the price drop and whether there exists a chain of causation are factual questions and as

---

[2] The Court reviewed trading of VimpelCom, Ltd. stock in March 2014, as reported by Nasdaq. *See* Nasdaq, "VimpelCom Ltd ADS Historical Stock Prices," www.nasdaq.com/symbol/vip/historical (last visited June 10, 2016).

such should not be resolved at this stage. *See Lentell v. Merrill Lynch & Co.,* 396 F.3d 161, 174 (2d Cir.2005) (noting that as a general matter, "the chain of causation is a matter of proof at trial" (alterations and internal quotation marks omitted)); *In re Vivendi Universal, S.A. Sec. Litig.,* 634 F. Supp. 2d 352, 365 (S.D.N.Y.2009) (noting that "causation is fundamentally a factual matter" that includes such factors as "the time between the event and the decline, the prominence of the fraud-related news relative to other news, [and] how new the information [w]as" to the market (internal citations omitted)).

At this point, then, Westway has sufficiently alleged that partial disclosures revealed some aspect of VimpelCom's misconduct and that the partial disclosures caused an immediate material stock decline. Thus, Lvov and McColloch have not identified a matter that the Court overlooked that might reasonably alter the Court's previous conclusion. Accordingly, their motion for reconsideration is denied.

## CONCLUSION

For the reasons stated above, the motion to reconsider is denied. This terminates ECF No. 33. The parties are directed to submit a joint status report no later than October 11, 2016, proposing a schedule for the filing of an amended consolidated complaint and Defendants' answer or response to the complaint.

**SO ORDERED.**

**Dated:** September 26, 2016
New York, New York

_____
ANDREW L. CARTER, JR.
**United States District Judge**