USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: 3/31/20

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
:
**IN RE VEON LTD. SECURITIES** : **1:15-cv-08672 (ALC)**
**LITIGATION,** :
: **ORDER**
:
------------------------------------------------------------x

**ANDREW L. CARTER, JR., United States District Judge:**

On September 17, 2019, I granted in part and denied in part Defendants' motion to dismiss. *See In re Veon Ltd. Sec. Litig.*, No. 15-cv-08672 (ALC), 2017 WL 4162342 (S.D.N.Y. Sept. 19, 2017). On December 3, 2018, Defendants filed a letter requesting a pre-motion conference in anticipation of their proposed motion for judgment on the pleadings under Rule 12(c). (ECF No. 125). On the same day, Westway requested a pre-motion conference in anticipation of its proposed motion for leave to file a Second Amended Complaint, which would add three new named plaintiffs. (ECF No. 126). The parties opposed one another's requests (ECF Nos. 127, 128).

The Court denied both requests for a pre-motion conference and set a briefing schedule. On February 9, 2018, VEON answered the amended complaint, (ECF No. 87), and on May 17, 2019, VEON filed its instant motion for judgment on the pleadings. (ECF No. 132). Defendants argued that the Court's September 2019 Order altered the class period to only those investors who purchased shares in VEON between June 30, 2011 and November 3, 2015 and held those shares until at least March 12, 2014. Additionally, the Order provided that Defendants' earliest actionable alleged misstatements occurred in June 2011, before Lead Plaintiff Westway purchased VEON ADRs. Accordingly, Defendants argued, Westway could not have been injured as a result of VEON's misstatements, and thus, lacks standing to bring this suit as Lead Plaintiff.

In its opposition brief, Westway does not dispute that the Order found the first actionable *misstatement* to have occurred in June 2011, however, Westway argues that Defendants made actionable *omissions* earlier, and thus, the Court's Order did not constrain the Class Period as VEON asserts. Specifically, Westway asserts that prior to June 2011, Defendants had a duty to disclose information about its knowing lack of adequate Company controls to the public, but failed to, leading to actionable omissions, sufficient for an Article III standing injury. (ECF No. 138).

As Defendants correctly note, Westway did not allege these omissions or a duty to disclose in its first amended complaint. (ECF No. 140). Raising arguments based on allegations not alleged in the operative complaint is highly disfavored. However, in the interest of deciding this case on the merits, I think it appropriate to allow Plaintiff Westway the opportunity to amend its complaint to add these omissions allegations.

Accordingly, Defendants' motion for judgment on the pleadings is DENIED without prejudice and Plaintiff Westway's second amended complaint is due April 14, 2020. This terminates ECF No. 132.

**SO ORDERED.**

**Dated:** March 31, 2020
    **New York, New York**　　　　　　　　　　　　**ANDREW L. CARTER, JR.**
　　　　　　　　　　　　　　　　　　　　　　　　　　**United States District Judge**