UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
In re VEON LTD. Securities Litigation      :       15-CV-8672 (ALC) (OTW)
                                            :
                                            :       **ORDER ON RECONSIDERATION**
------------------------------------------------------------x

**ONA T. WANG, United States Magistrate Judge:**

On April 29, 2022, I issued an Opinion & Order[1] appointing Boris Lvov lead plaintiff in this action. (ECF 177) ("O&O"). Three proposed lead plaintiffs, collectively referred to as "SKS," filed a motion for reconsideration on May 13, 2022, under Local Rule 6.3. (ECF 190). Specifically, SKS and their counsel argue that the Second Circuit's dicta in *Fund Liquidation Holdings LLC v. Bank of Am. Corp.*, 991 F.3d 370 (2d Cir. 2021), *cert. denied*, 211 L. Ed. 2d 475, 142 S. Ct. 757 (2022), compels a different result, and that I committed a "clear error of law" by appointing Lvov as lead plaintiff over SKS. (ECF 191). The Court has reviewed ECF 190, 191, 192, 198, 199, 201, 203, and 204, 214, 215, 216, and for the reasons below, reconsideration is **DENIED**.

In the earlier briefing, SKS argued extensively that they should be lead plaintiffs because their individual and class claims would be equitably tolled under *American Pipe* and *China Agritech*. (ECF 173, 174, 175). *Am. Pipe & Const. Co. v. Utah*, 414 U.S. 538 (1974); *China Agritech, Inc. v. Resh*, 201 L. Ed. 2d 123, 138 S. Ct. 1800 (2018). In that briefing, which took place in April to May of 2021, they did not raise *Fund Liquidation Holdings* once despite it having been decided just one month before. (*See* ECF 190, 191, 192, 199). SKS points to no new or intervening governing authority, nor have they demonstrated that the Court overlooked

---

[1] The Court assumes familiarity with the substance of the Opinion & Order and will use the same naming conventions and abbreviations.

1

controlling decisions or factual matters "that were put before it on the underlying motion, which, had they been considered, might reasonably have altered the result reached by the court." *In re Refco Capital Markets, Ltd. Broker Customer Securities Litigation*, 06-CV-643, 07-CV-8686, 07-CV8688 (GEL), 2008 WL 4962985, at *1 (S.D.N.Y. Nov. 20, 2008) (internal citation omitted). The standard for reconsideration is strict, and "will generally be denied unless the moving party can point to controlling decisions . . . that the court overlooked." *Eddystone Rail Co. v. Jamex Transfer Services*, 17-CV-1266 (WHP), 2019 WL 181308 at *2 (S.D.N.Y. Jan. 11, 2019). A court may grant reconsideration if a movant "demonstrates an intervening change in controlling law, . . . or the need to correct clear error or prevent manifest injustice." *Id.* (internal citations omitted).

*Fund Liquidation Holdings* concerned Article III standing and the nullity doctrine, and the Second Circuit's instruction on *American Pipe* and the availability of equitable tolling was dicta, meant to address an alternative holding by the District Court in that case. Thus, it does not support a finding of clear error, nor does it compel a different outcome given the facts and circumstances here.[2] *American Pipe* and *China Agritech* clearly permit equitable tolling for individual claims whether in a class action or in a separate action if the class fails. And while *American Pipe* and *China Agritech* would not permit the maintenance of a *follow-on* class action past expiration of the statue of limitations," (emphasis added), the issue is still open in this Circuit whether allowing *American Pipe* tolling in this case (and every case, regardless of its facts and procedural posture) would undermine the goals of efficiency and economy here.

---

[2] The Court has reviewed the supplemental authority proffered by SKS and finds it neither compelling nor controlling. (*See, e.g.*, ECF 214).

The reasoning in *Dennis v. JP Morgan Chase*, discussed in the Court's O&O, is instructive here. 439 F.Supp.3d 256 (S.D.N.Y. 2020). Lvov has been a plaintiff in this case since 2015. SKS was only added by then-Lead Plaintiff Westway in 2020 when it appeared that Westway would not be able to continue for lack of standing. (O&O at 6). This is exactly the posture that Judge Kaplan found troubling in *Dennis*:

> A similar risk is present here, where plaintiffs concede that they added OCERS to keep their class claims alive following the dismissal of much of the amended complaint. Under OCERS's theory of *American Pipe*, plaintiffs conceivably could continue recruiting new representatives in piecemeal fashion, long after a statute of limitations has expired, if for some reason an existing plaintiff were unable to proceed as class representative for some or all claims against some or all defendants. Perhaps a district court could halt any such abuse by denying leave to amend. But this arguable safety valve does not mitigate the Supreme Court's concerns about diligence and finality.

439 F. Supp.3d at 266.

In sum, I agree with Judge Kaplan and the Second Circuit: while *American Pipe* and *China Agritech* do not prohibit equitable tolling to allow a new lead plaintiff or class representative to join an existing putative class action, neither do they compel a court to apply equitable tolling in all instances, without regard to the proposed plaintiff's diligence and the goals of economy and efficiency. Reconsideration is **DENIED**.

Accordingly, with SKS's motion to reconsider denied, lead Plaintiff Boris Lvov is granted leave to file his Amended Complaint by **March 20, 2023**. ECF 201 is **DISMISSED** as moot.

The Clerk of Court is respectfully directed to close ECF 190, 192, and 201.

**SO ORDERED.**

Dated: February 17, 2023
New York, New York

                                                *s/ Ona T. Wang*
                                                **Ona T. Wang**
                                                United States Magistrate Judge