UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
:
:     No.: 1:15-cv-8672 (ALC) (OTW)
:
In re VEON Ltd. Securities Litigation     :     **JOINT ELECTRONIC**
:     **DISCOVERY SUBMISSION NO. 1**
:     **AND ~~[PROPOSED]~~ ORDER**
---------------------------------------------------------------x

        One or more of the parties to this litigation have indicated that they believe that relevant information may exist or be stored in electronic format, and that this content is potentially responsive to current or anticipated discovery requests. This Joint Submission and [Proposed] Order (and any subsequent ones) shall be the governing document(s) by which the parties and the Court manage the electronic discovery process in this action. The parties and the Court recognize that this Joint Electronic Discovery Submission No. 1 and [Proposed] Order is based on facts and circumstances as they are currently known to each party, that the electronic discovery process is iterative, and that additions and modifications to this Submission may become necessary as more information becomes known to the parties.

(1)     **Brief Joint Statement Describing the Action, [e.g., "Putative securities class action pertaining to the restatement of earnings for the period May 1, 2009 to May 30, 2009"]:**

This is putative securities class action in which Lead Plaintiff asserts violations of Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") and Rule 10b-5 promulgated thereunder by the SEC against VEON. In short, the Third Amended Complaint ("TAC") alleges that defendant made false statements regarding its telecommunications business in Uzbekistan with respect to (i) equal protection under Uzbekistan law; (ii) the reasons for VEON's financial success and (iii) the effectiveness of VEON's internal controls.

     (a)     **Estimated amount of Plaintiff(s)' Claims:**

         __ Less than $100,000

         __ Between $100,000 and $999,999

         __ Between $1,000,000 and $49,999,999

         _X_ More than $50,000,000 (which Defendant disputes)

         __ Equitable Relief

         __ Other (if so, specify)       _____

  (b) **Estimated amount of Defendant(s)' Counterclaim/Cross-Claims:**

   __ Less than $100,000

   __ Between $100,000 and $999,999

   __ Between $1,000,000 and $49,999,999

   __ More than $50,000,000

   __ Equitable Relief

   _X_ Other (if so, specify)  N/A

(2) **Competence**. Counsel certify that they are sufficiently knowledgeable in matters relating to their clients' technological systems to discuss competently issues relating to electronic discovery, or have involved someone competent to address these issues on their behalf.

(3) **Meet and Confer**. Pursuant to Fed. R. Civ. P. 26(f), counsel are required to meet and confer regarding certain matters relating to electronic discovery before the Initial Pretrial Conference (the Rule 16 Conference). Counsel hereby certify that they have met and conferred to discuss these issues.

  Date(s) of parties' meet-and-confer conference(s):

   February 19, March 6 and March 19, 2025

(4) **Unresolved Issues**: After the meet-and-confer conference(s) taking place on the aforementioned date(s), the following issues remain outstanding and/or require court intervention: __ Preservation; __ Search and Review; __ Source(s) of Production; __ Form(s) of Production; __ Identification or Logging of Privileged Material; __ Inadvertent Production of Privileged Material; __ Cost Allocation; and/or __, Other (if so, specify) _____. To the extent specific details are needed about one or more issues in dispute, describe briefly below.

  The parties have exchanged initial discovery requests and will meet and confer in good faith after exchanging responses. To the extent they cannot resolve their differences, they will promptly raise issues with the Court.

As set forth below, to date, the parties have addressed the following issues:

(5) **Preservation**.

  (a) The parties have discussed the obligation to preserve potentially relevant electronically stored information and agree to the following scope and methods for preservation, including but not limited to: retention of electronic data and implementation of a data preservation plan; identification of potentially relevant data; disclosure of the programs and manner in which the data is maintained;

   identification of computer system(s) utilized; and identification of the individual(s) responsible for data preservation, etc.

   All parties have litigation holds in place and are continuing to preserve relevant information.

 (b) State the extent to which the parties have disclosed or have agreed to disclose the dates, contents, and/or recipients of "litigation hold" communications.

   All parties have litigation holds in place and have agreed to disclose the dates of such holds upon request of the opposing party.

 (c) The parties anticipate the need for judicial intervention regarding the following issues concerning the duty to preserve, the scope, or the method(s) of preserving electronically stored Information:

   The parties do not anticipate needing judicial intervention on this issue at this time.

(6) **Search and Review**

 (a) The parties have discussed methodologies or protocols for the search and review of electronically stored information, as well as the disclosure of techniques to be used. Some of the approaches that may be considered include: the use and exchange of keyword search lists, "hit reports," and/or responsiveness rates; concept search; machine learning, or other advanced analytical tools; limitations on the fields or file types to be searched; date restrictions; limitations on whether back-up, archival, legacy, or deleted electronically stored information will be searched; testing; sampling; etc. To the extent the parties have reached agreement as to search and review methods, provide details below:

   Plaintiff(s):

   With respect to documents in Mr. Lvov's possession, the parties have agreed that he will provide documents responsive to agreed-upon requests.

   Defendant(s):

   With respect to VEON's documents, the parties have agreed that VEON will initially produce documents from the universe of documents that VEON produced in relevant government investigations.  After that initial production, the parties will discuss the production of documents beyond that initial universe.  The parties will discuss and agree upon appropriate protocols for each phase of production.

 (b) The parties anticipate the need for judicial Intervention regarding the following issues concerning the search and review of electronically stored information:

- 3 -

The parties do not anticipate needing judicial intervention on this issue at this time.

(7) **Production**

(a) Source(s) of Electronically Stored Information. The parties anticipate that discovery may occur from one or more of the following potential source(s) of electronically stored information [e.g., email, word processing documents, spreadsheets, presentations, databases, instant messages, web sites, blogs, social media, ephemeral data, etc.]:

The parties anticipate ESI and have agreed on the protocol attached as Exhibit A.

(b) Limitations on Production. The parties have discussed factors relating to the scope of production, including but not limited to: (i) number of custodians; (ii) identity of custodians; (iii) date ranges for which potentially relevant data will be drawn; (iv) locations of data; (v) timing of productions (including phased discovery or rolling productions); and (vi) electronically stored information in the custody or control of non-parties. To the extent the parties have reached agreements related to any of these factors, describe below:

The parties have exchanged initial discovery requests and have agreed to discuss factors relating to the scope of production once they have met and conferred and agreed upon the categories and time frames of documents to be produced. The parties have also discussed the staged approach to discovery from VEON as discussed elsewhere in this document.

(c) Form(s) of Production:

(1) The parties have readied the following agreements regarding the form(s) of productions:

The parties have agreed that VEON will initially produce information using the same metadata parameters provided to the government. The parties have agreed to produce other information pursuant to the terms of the ESI protocol attached as Exhibit A.

(2) Please specify any exceptions to the form(s) of production indicated above (e.g., word processing documents in TIFF with load files, but spreadsheets in native form):

The protocol attached as Exhibit A sets out the agreed-upon form(s) of production.

(3) The parties anticipate the need for judicial intervention regarding the following issues concerning the form(s) of production:

                The parties do not anticipate needing judicial intervention on this issue at this time.

(d)    Privileged Material.

      (1)    Identification. The parties have agreed to the following method(s) for the identification (including the logging, if any, or alternatively, the disclosure of the number of documents withheld), and the redaction of privileged documents:

           For documents produced to the government, VEON will provide privilege information in the same manner as provided to the government. To the extent either party is withholding any other documents on privilege grounds, the parties have agreed to produce categorial privilege logs. Specifically, the parties will provide a list of categories of privileged materials, a key of relevant counsel in each of the logs, and a log that contains: (i) a document id; (ii) the custodian; (iii) last modified date/time; (iv) sent date/time; (v) from; (vi) to; (vii) cc; (viii) bcc; (ix) subject; (x) author; (xi) file name; (xii) file extension; and (xiii) bates beg (where appropriate). The parties further agree that data for the above-listed fields shall not be redacted or withheld in any such privilege log, except to the extent such fields would reveal the substance of a privileged communication.

      (2)    Inadvertent Production / Claw-Back Agreements. Pursuant to Fed R. Civ. Proc. 26(b)(5) and F.R.E. 502(e), the parties have agreed to the following concerning the inadvertent production of privileged documents (e.g. "quick-peek" agreements, on-site examinations, non-waiver agreements or orders pursuant to F.R.E. 502(d), etc.):

           On April 16, 2025, the Court entered a Stipulation and Protective Order, which provides certain protections for the inadvertent production of privileged information. ECF No. 262. In addition, the parties have entered into a Stipulation and [Proposed] Order Regarding Disclosure and Clawback, which will be separately presented to the Court for its consideration. The parties do not consent to a "quick-peek" process.

      (3)    The parties have discussed a 502(d) Order. Yes <u>X</u>; No _

           *The provisions of any such proposed Order shall be set forth in a separate document and presented to the Court for its consideration.*

(e)    Cost of Production. The parties have analyzed their client's data repositories and have estimated the costs associated with the production of electronically stored information. The factors and components underlying these costs are estimated as follows:

(1) Costs:

Defendant(s):

There is significant cost associated with producing documents collected for, but not produced in connection with, government investigations because those documents are contained on hard drives that would need to be forensically analyzed and searched. Accordingly, the parties have agreed to phased production protocol as set out in Section 6(a) above.

(2) Cost Allocation. The parties have considered cost-shifting or cost-sharing and have reached the following agreements, if any:

The parties presently agree to bear their own costs of discovery.

(3) Cost Savings. The parties have considered cost-saving measures, such as the use of a common electronic discovery vendor or a shared document repository, and have reached the following agreements, if any:

The parties elect to use their own electronic vendors and document repositories.

(f) The parties anticipate the need for judicial intervention regarding the following issues concerning the production of electronically stored information:

The parties do not anticipate needing judicial intervention on this issue at this time.

(8) **Other Issues:**

The parties do not have any other issues to discuss at this time.

The preceding constitutes the agreement(s) reached, and disputes existing, (if any) between the parties to certain matters concerning electronic discovery as of this date. To the extent additional agreements are reached, modifications are necessary, or disputes are identified, they will be outlined in subsequent submissions or agreements and promptly presented to the Court.

Party: Plaintiff         By: [signature]

Party: Defendant         By: [signature]

- 7 -

The next scheduled meet-and-confer conference to address electronic discovery issues, including the status of electronic discovery and any issues or disputes that have arisen since the last conference or Order, shall take place on: May 1, 2025.

~~The next scheduled conference with the Court for purposes of updating the Court on electronic discovery issues has been scheduled for June 4, 2025 or a date convenient for the Court. Additional conferences, or written status reports, shall be set every 3 to 4 weeks, as determined by the parties and the Court, based on the complexity of the issues at hand. An agenda should be submitted to the Court four (4) days before such conference indicating the issues to be raised by the parties. The parties may jointly seek to adjourn the conference with the Court by telephone call 48 hours in advance of a scheduled conference, if the parties agree that there are no issues requiring Court intervention.~~

Additional Instructions or Orders, if any:
_____
_____
_____
_____
_____

Dated: ____April 23____, 20_25_                    **SO ORDERED**.

_____
**Ona T. Wang**
United States Magistrate Judge