USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: __1/22/26____

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re VEON Ltd. Securities Litigation | Case No. 1:15-cv-08672-ALC-OTW |

## ORDER GRANTING PRELIMINARY APPROVAL OF <u>CLASS ACTION SETTLEMENT</u>

**WHEREAS:**

A.      On December 23, 2025, Lead Plaintiff Boris Lvov ("Lvov" or "Lead Plaintiff") on behalf of himself and all other members of the Settlement Class (defined below), and VEON Ltd. f/k/a VimpelCom Ltd. ("VEON" or the "Defendant" and together with the Lead Plaintiff, the "Parties"), entered into a Stipulation of Settlement (the "Stipulation") in the above-titled litigation (the "Action"), which is subject to review under Rule 23 of the Federal Rules of Civil Procedure and which, together with the exhibits thereto, sets forth the terms and conditions of the proposed settlement of the Action and the claims alleged in the third amended complaint (the "Complaint") (ECF No. 221), filed on March 2, 2023, on the merits and with prejudice (the "Settlement");

B.      The Court has reviewed and considered the Stipulation and the accompanying exhibits;

C.      The Parties to the Stipulation have consented to the entry of this order; and

D.      All capitalized terms used in this order that are not otherwise defined herein have the meanings defined in the Stipulation.

**NOW, THEREFORE, IT IS HEREBY ORDERED, this 22 day of January, 2026, that:**

1.      The Court has reviewed the Stipulation and preliminarily finds, pursuant to Federal Rule of Civil Procedure 23(e)(1), that the Court will likely be able to approve the proposed

Settlement as fair, reasonable, and adequate under Federal Rule of Civil Procedure 23(e)(2), subject to further consideration at the Settlement Hearing described below.

2.    Pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, the Court preliminarily certifies, for purposes of the Settlement only, the Settlement Class of: all persons and entities who (i) purchased VimpelCom ADSs between June 30, 2011 and November 3, 2015 and (ii) held their ADSs at least until March 12, 2014, and were allegedly damaged thereby. Excluded from the Class are: (a) Defendant; (b) any Person who served as an officer or director of Defendant during the Class Period and their Immediate Family Members; (c) any Person, firm, trust, corporation, or other entity that is related to or affiliated with Defendant; (d) any Person, firm, trust, corporation, or other entity in which any excluded Person or entity has, or had during the Class Period, a controlling interest; and (e) the legal representatives, parents, subsidiaries, agents, affiliates, heirs, successors-in-interest, predecessors, or assigns of any such excluded person or entity, in their capacities as such. Also excluded from the Class are any persons or entities who or which exclude themselves by submitting a request for exclusion that is accepted by this Court.

3.    Solely for the purposes of the proposed Settlement of this Action, the Court finds and preliminarily concludes that the prerequisites of class action certification under Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure have been satisfied for the Settlement Class defined herein and for the purposes of the Settlement only, in that:

      (a)    the members of the Settlement Class are so numerous that joinder of all Settlement Class Members is impracticable;

      (b)    there are questions of law and fact common to the Settlement Class Members;

(c)      the claims of Lead Plaintiff are typical of the Settlement Class's claims;

(d)      Lead Plaintiff and Lead Counsel have fairly and adequately represented and protected the interests of the Settlement Class;

(e)      the questions of law and fact common to Settlement Class Members predominate over any individual questions; and

(f)      a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

4.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for purposes of the Settlement only, Lvov is preliminarily certified as Class Representative for the Settlement Class. The Rosen Law Firm, P.A. is preliminarily appointed Class Counsel for the Settlement Class.

5.      The Settlement Hearing, pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, is hereby scheduled to be held before the Court, either in person or remotely at the Court's discretion, at the Thurgood Marshall United States Courthouse, 40 Foley Square, Courtroom 444, New York, NY 10007 , on **May 19, 2026, at 2:00 p.m.** for the following purposes:

(a)      to determine whether the proposed Settlement is fair, reasonable and adequate, and should be approved by the Court;

(b)      to determine whether the proposed Judgment as provided under the Stipulation should be entered, and to determine whether the release by the Settlement Class of the Released Plaintiffs' Claims, as set forth in the Stipulation, should be provided to the Defendant's Releasees;

(c)    to determine, for purposes of the Settlement only, whether the Settlement Class should be finally certified; whether Lead Plaintiff should be finally certified as Class Representative for the Settlement Class; and whether The Rosen Law Firm, P.A. should be finally appointed as Class Counsel for the Settlement Class;

(d)    to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should be approved by the Court;

(e)    to consider Lead Counsel's application for an award of attorneys' fees and Litigation Expenses (which may include an application for an award to Lead Plaintiff for reimbursement of their reasonable costs and expenses directly related to his representation of the Settlement Class, pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA")); and

(f)    to rule upon such other matters as the Court may deem appropriate.

6.    The Court reserves the right to approve the Settlement with or without modification and with or without further notice to the Settlement Class. The Court further reserves the right to enter the Judgment approving the Settlement regardless of whether it has approved the Plan of Allocation or awarded attorneys' fees and/or expenses. The Court may also adjourn the Settlement Hearing, decide to hold the hearing remotely, or modify any of the dates herein without further individual notice to members of the Settlement Class. Any such changes shall be posted on the website for the Settlement.

7.    The Court approves the form, substance, and requirements of the Notice of Pendency and Proposed Settlement of Class Action (the "Long Notice"), the Proof of Claim and Release Form ("Claim Form"), the Summary Notice of Pendency and Proposed Class Action Settlement ("Summary Notice"), and the Postcard Notice substantially in the forms annexed

hereto as Exhibits A-1, A-2, A-3, and A-4, respectively, and finds that the mailing and distribution of the Postcard Notice and publishing of the Long Notice, Summary Notice, and Claim Form substantially in the manner and form set forth in this Order: (a) constitute the best notice to Settlement Class Members practicable under the circumstances; (b) are reasonably calculated, under the circumstances, to describe the terms and effect of the Settlement and to apprise Settlement Class Members of their right to object to the proposed Settlement or to exclude themselves from the Settlement Class; (c) are reasonable and constitute due, adequate, and sufficient notice to all Persons entitled to receive such notice; and (d) satisfy all applicable requirements of the Federal Rules of Civil Procedure (including Rules 23(c)–(e)), the Due Process Clause of the United States Constitution, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), as amended by the PSLRA, and the Rules of this Court.

8.    The Court approves the retention of and appoints Strategic Claims Services as the Claims Administrator to supervise and administer the notice procedure as well as the processing of claims.

9.    Within twenty (20) days after the later of: (a) the date of entry of this Order preliminarily approving the Settlement; and (b) Lead Counsel providing, in writing, to Kerri Ann Law and Jonathan Wagner at HSF Kramer the information necessary to effectuate a transfer of funds to the Escrow Account, including, but not limited to, wire transfer instructions, payment address, and a complete and executed Form W-9 for the Settlement Fund that reflects a valid tax identification number, VEON will deposit, or cause to be deposited, nineteen million nine hundred seventy thousand U.S. dollars ($19,970,000) into the Escrow Account.

10.     At any time after entry of this Order, Lead Counsel may, without further approval from the Court or Defendant, disburse funds from the Settlement Fund to pay reasonable and necessary Notice and Administration Costs.

11.     At least three (3) business days prior to the deadline for Lead Counsel to mail or email notice to individual members of the Class, VEON will, at its own expense, provide or cause to be provided to Lead Counsel transfer records of the holders of VEON ADSs during the Class Period or other comparable information in VEON's possession. The Parties acknowledge that any such information provided to Lead Counsel shall be treated as confidential and will be used by Lead Counsel solely to provide Notice and/or implement the Settlement.

12.     Lead Counsel, through the Claims Administrator, shall cause the Stipulation and its exhibits, this Order, a copy of the Long Notice, and the Claim Form to be posted on the Claims Administrator's website within twenty-one (21) calendar days after entry of this Order.

13.     Within twenty-one (21) calendar days of entry of this Order, Lead Counsel, through the Claims Administrator, shall either: (a) email links to the location of the electronic Long Notice and Claim Form to Settlement Class Members for whom the Claims Administrator is able to obtain email addresses with reasonable effort, substantially in the form as Exhibits A-1 and A-2 to the Stipulation; or (b) if no email address can be obtained, cause the Postcard Notice, substantially in the form as Exhibit A-4 to the Stipulation, to be mailed by first-class mail, postage prepaid, to Settlement Class Members whom the Claims Administrator can identify with reasonable effort.

14.     Lead Counsel, through the Claims Administrator, shall use reasonable efforts to give notice to nominees such as custodians, brokerage firms, and other Persons and entities that purchased VEON ADSs during the Class Period for the benefit of another person of entity. Such

nominees or custodians shall, within ten (10) calendar days of receipt of the notice, either: (a) provide to the Claims Administrator the name, email address, and last known address of each Person or organization for whom or which it purchased VEON ADSs during the Class Period; (b) request from the Claims Administrator a link to the electronic Long Notice and Claim Form and email the link to all such beneficial owners for whom valid email addresses are available within ten (10) calendar days of receipt of the link from the Claims Administrator; or (c) request additional copies of the Postcard Notice from the Claims Administrator, which will be provided free of charge, and within ten (10) calendar days of receipt, mail the Postcard Notice directly to the beneficial owners of VEON ADSs. Nominees that choose to follow alternative procedures (b) or (c) shall, upon such emailing or mailing, send a statement to the Claims Administrator confirming that the emailing or mailing was made as directed. If the Claims Administrator receives a valid email address for a beneficial owner, it will promptly send a link to the Long Notice and Claim Form electronically, and, if not, it will promptly mail a Postcard Notice to the beneficial owner.  Upon full compliance with these directions, nominees may seek reimbursement of their reasonable expenses actually incurred, up to a maximum of $0.02 per name, address and email address provided to the Claims Administrator; up to $0.02 per Postcard Notice actually mailed, plus postage at the pre-sort rate used by the Claims Administrator; or up to $0.02 per link to the electronic Long Notice and Claim Form transmitted by email, by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought. Such properly documented expenses incurred by nominees in compliance with the terms of this Order shall be paid from the Settlement Fund, with any disputes as to the reasonableness or documentation of expenses incurred subject to review by the Court. Nominees are not

authorized to print the Postcard Notice. Postcard Notices may only be printed by the Claims Administrator.

15.     Lead Counsel shall, at least seven (7) calendar days before the Settlement Hearing, file with the Court proof of the mailing and emailing of the link to the electronic Long Notice and Claim Form and/or Postcard, as required by this Order.

16.     Lead Counsel shall cause the Summary Notice to be published four times in *GlobeNewswire*, first within twenty-one (21) calendar days of entry of this Order, then within twenty-eight (28) calendar days of entry of this Order, then within thirty-five (35) calendar days of entry of this Order, then within thirty-five (35) days of the Settlement Hearing. Lead Counsel shall, at or before the Settlement Hearing, file with the Court proof of publication of the Summary Notice.

17.     In order to be eligible to receive a distribution from the Net Settlement Fund, in the event the Settlement is effected in accordance with the terms and conditions set forth in the Stipulation, each claimant shall take the following actions and be subject to the following conditions:

(a)     A properly completed and executed Claim Form must be submitted to the Claims Administrator: (i) electronically through the Claims Administrator's website, www.strategicclaims.net/VEON/ by 11:59 p.m. EST on **April 28, 2026** (twenty-one (21) calendar days prior to the Settlement Hearing); or (ii) at the Post Office Box indicated in the Notice, postmarked no later than **April 28, 2026** (twenty-one (21) calendar days prior to the Settlement Hearing). Such deadline may be further extended by Order of the Court. Each Claim Form shall be deemed to have been submitted when: (i) the Claimant receives a confirmation notice from Strategic Claims Services for electronic submissions; or (ii) legibly

postmarked (if properly addressed and mailed by first class mail), provided such Claim Form is actually received before the Settlement Hearing. Any Claim Form submitted in any other manner shall be deemed to have been submitted when it was actually received by the Claims Administrator at the address designated in the Notice.

(b)    The Claim Form submitted by each claimant must satisfy the following conditions, unless otherwise allowed pursuant to the Stipulation: (i) it must be properly completed, signed, and submitted in a timely manner in accordance with the provisions of the preceding subparagraph; (ii) it must be accompanied by adequate supporting documentation for the transactions reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation as is deemed adequate by the Claims Administrator and/or Lead Counsel; (iii) if the Person executing the Claim Form is acting in a representative capacity, a certification of her current authority to act on behalf of the claimant must be included in the Claim Form; and (iv) the Claim Form must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury. Claimants bear the burden of establishing their right to a recovery from the Net Settlement Fund.

(c)    Once the Claims Administrator has considered a timely submitted Claim Form, it shall determine whether such claim is valid, deficient, or rejected. For each claim determined to be either deficient or rejected, the Claims Administrator shall send a deficiency letter or rejection letter as appropriate, describing the basis on which the claim was so determined. Persons who timely submit a Claim Form that is deficient shall be afforded a reasonable time (at least ten (10) calendar days from the date the Claims Administrator provides

notice of the deficiency) to cure such deficiency if it shall appear that such deficiency may be cured. If any Claimant whose claim has been rejected in whole or in part (either due to an uncurable deficiency, a failure to cure a deficiency, or any other stated basis) wishes to contest such rejection, the Claimant must, within ten (10) calendar days after the date of mailing of the rejection or partial rejection notice, serve upon the Claims Administrator a notice and statement of reasons indicating the Claimant's ground for contesting the rejection along with any supporting documentation, and requesting a review thereof by the Court. If an issue concerning a claim cannot be otherwise resolved, Lead Counsel shall thereafter present the request for review to the Court.

(d)    As part of the Claim Form, each Settlement Class Member shall submit to the jurisdiction of the Court with respect to the claim submitted, and shall, upon the Effective Date, release all claims as provided in the Stipulation.

18.    All Settlement Class Members who do not submit valid and timely Claim Forms will be forever barred from receiving any payments from the Net Settlement Fund, but will in all other respects be subject to and bound by the provisions of the Stipulation and Judgment, if entered, unless they validly exclude themselves from the Settlement Class.

19.    Any Settlement Class Member may enter an appearance in this Action, at his, her, or its own expense, individually or through counsel of his, her, or its own choice. If any Settlement Class Member does not enter an appearance, he, she, or it will be represented by Lead Counsel.

20.    Settlement Class Members shall be bound by all orders, determinations, and judgments in this Action concerning the Settlement, whether favorable or unfavorable, unless such Persons request exclusion from the Settlement Class in a timely and proper manner, as hereinafter provided. A putative Settlement Class Member wishing to make such an exclusion

request shall mail the request in written form by first-class mail to the address designated in the Long Notice for such exclusions, such that it is received no later than April 28, 2026 (twenty-one (21) calendar days prior to the Settlement Hearing) (the "Exclusion Deadline"). To be valid, such request for exclusion (A) must clearly indicate the name and address and phone number and e-mail contact information (if any) of the person seeking exclusion, and state that the sender specifically "requests to be excluded from the Settlement Class in *In re VEON Ltd. Securities Litigation*, Case No. 1:15-cv-08672-ALC-OTW (S.D.N.Y.)," and (B) states the number of VEON ADSs the Settlement Class Member (i) owned as of the opening of trading on June 30, 2011, (ii) purchased and/or sold during the Class Period, including the number of shares, dates, and prices for each transaction, and (iii) held as of the close of trading on November 3, 2015. To be valid, such request for exclusion must be submitted with documentary proof: (i) of each purchase and, if applicable, sale transaction of VEON ADSs during the Class Period; and (ii) demonstrating the Settlement Class Member's status as a beneficial owner of the VEON ADSs. Any such request for exclusion must be signed and submitted by the beneficial owner under penalty of perjury. The request for exclusion shall not be effective unless it provides the required information, is legible, and is made within the time stated above, or the exclusion is otherwise accepted by the Court. Lead Counsel may contact any Person filing a request for exclusion, or their attorney if one is designated, to discuss the exclusion.

21.     The Claims Administrator shall provide all requests for exclusion and supporting documentation submitted therewith (including untimely requests and revocations of requests) to Lead Counsel as soon as possible and no later than the Exclusion Deadline or upon the receipt thereof (if later than the Exclusion Deadline). Lead Counsel shall provide Defendant's Counsel with copies of any requests for exclusion from the Settlement Class, and any written revocations

of requests for exclusion, on a rolling basis as expeditiously as possible, by email. The Settlement

Class will not include any Person who delivers a valid and timely request for exclusion.

22.    Any Person that submits a request for exclusion may thereafter submit to the

Claims Administrator a written revocation of that request for exclusion, provided that it is received

no later than two (2) business days before the Settlement Hearing, in which event that Person will

be included in the Settlement Class.

23.    All Persons who submit a valid, timely, and unrevoked request for exclusion will

be forever barred from receiving any payments from the Net Settlement Fund.

24.    The Court will consider comments and/or objections to the Settlement, the Plan of

Allocation, or the Fee and Expense Application, provided, however, that no Settlement Class

Member or other Person shall be heard or entitled to contest the approval of the terms and

conditions of the proposed Settlement or, if approved, Judgment, or any other order relating

thereto, unless that Person has served copies of any objections, papers and briefs to each of the

following counsel at least twenty-one (21) calendar days prior to the Settlement Hearing date:

| **Lead Counsel** | **VEON's Counsel** |
|---|---|
| Jonathan Horne, Esq. | Kerri Ann Law, Esq. |
| THE ROSEN LAW FIRM, P.A. | HERBERT SMITH FREEHILLS |
| 275 Madison Avenue, 40th Floor | KRAMER (US) LLP |
| New York, NY 10016 | 1177 Avenue of the Americas |
| | New York, NY 10036 |

and that Person has (at least twenty-one (21) calendar days prior to the Settlement Hearing date)

filed said objections, papers, and briefs, showing due proof of service upon counsel identified

above, with the Clerk of the Court, United States District Court for the Southern District of New

York, Thurgood Marshall United States Courthouse, 40 Foley Square, New York, NY 10007. To

be valid, any such objections must include: (1) the objector's name, address, telephone number,

and e-mail address (if any) of the objector and signature of the objector; (2) a list of all purchases and sales of VEON ADSs during the Class Period in order to show membership in the Settlement Class; (3) all grounds for the objection, including any legal support known to the objector or to the objector's counsel; (4) the name, address, and telephone number of all counsel, if any, who represent the objector, including the objector's former or current counsel who may be entitled to compensation in connection with the objection; and (5) the number of times the objector and/or the objector's counsel has filed an objection to a class action settlement in the last five years, the nature of each such objection in each case, the jurisdiction in each case, and the name of the issuer of the security or seller of the product or service at issue in each case.

25.    Any Settlement Class Member who does not object in the manner prescribed above shall be deemed to have waived all such objections and shall forever be foreclosed from making any objection to the fairness, adequacy, or reasonableness of the Settlement, the Judgment to be entered approving the Settlement, the Plan of Allocation, and/or the Fee and Expense Application, unless otherwise ordered by the Court; shall be bound by all the terms and provisions of the Stipulation and by all proceedings, orders, and judgments in the Action; and shall also be foreclosed from appealing from any judgment or order entered in the Action.

26.    Settlement Class Members do not need to appear at the hearing or take any other action to indicate their approval.

27.    Until otherwise ordered by the Court, the Court stays all proceedings in the Action, other than proceedings necessary to carry out or enforce the terms and conditions of the Settlement. Pending final determination of whether the Settlement should be approved, Lead Plaintiff, all Settlement Class Members, and each of them, and anyone who acts or purports to act

on their behalf, shall not institute, commence or prosecute any action which asserts Released Plaintiffs' Claims against the Defendant's Releasees.

28.     All papers in support of the Settlement, Plan of Allocation, and Lead Counsel's request for an award of attorneys' fees and expenses shall be filed with the Court and served on or before thirty-five (35) calendar days prior to the date set herein for the Settlement Hearing. Any submissions filed in response to any objections or in further support of the Settlement, the Plan of Allocation and/or the Fee and Expense Application shall be filed no later than seven (7) calendar days prior to the Settlement Hearing.

29.     No Person who is not a Settlement Class Member or Lead Counsel shall have any right to any portion of, or to any distribution of, the Net Settlement Fund unless otherwise ordered by the Court or otherwise provided in the Stipulation.

30.     All funds held in escrow shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court until such time as such funds shall be disbursed pursuant to the Stipulation and/or further order of the Court.

31.     Neither Defendant nor its counsel shall have any responsibility for the Plan of Allocation nor any application for attorney's fees or Litigation Expenses submitted by Lead Counsel or Lead Plaintiff.

32.     If the Settlement fails to become effective as defined in the Stipulation or is terminated, then both the Stipulation, including any amendment(s) thereof, except as expressly provided in the Stipulation, and this Preliminary Approval Order shall be null and void, of no further force or effect, and without prejudice to any Party, and may not be introduced as evidence or used in any actions or proceedings by any Person or entity against the Parties, and the Parties

shall be deemed to have reverted to their respective litigation positions in the Action as of September 25, 2025.

33.    Neither this Order, the term sheet entered into by and between the Parties on September 25, 2025, the Stipulation (whether or not finally approved or consummated), nor their negotiation, or any proceedings taken pursuant to them: (a) do not constitute, and shall not be offered or received against or to the prejudice of any of the Defendant's Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendant's Releasees with respect to the truth of any allegation by Lead Plaintiff or the Settlement Class, or the validity of any claim that has been or could have been asserted in the Action or in any litigation, including but not limited to the Released Plaintiffs' Claims, or of any liability, damages, negligence, fault or wrongdoing of any of the Defendant's Releasees or any Person or entity whatsoever, or of any infirmity in any of VEON's defenses; (b) do not constitute, and shall not be offered or received against or to the prejudice of any of the Defendant's Releasees as evidence of a presumption, concession, or admission of any fault, misrepresentation, or omission with respect to any statement or written document approved or made by any of the Defendant's Releasees, or against or to the prejudice of Lead Plaintiff, or any Settlement Class Member as evidence of any infirmity in the claims of Lead Plaintiffs or Settlement Class Members; (c) do not constitute, and shall not be offered or received against or to the prejudice of any of the Defendant's Releasees, Lead Plaintiff, any Settlement Class Member, or their respective counsel, as evidence of a presumption, concession, or admission with respect to any liability, damages, negligence, fault, infirmity, or wrongdoing, or in any way referred to for any other reason against or to the prejudice of any of the Defendant's Releasees, Lead Plaintiff, Settlement Class Members, or their respective counsel, in any other civil, criminal, or

administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; (d) do not constitute, and shall not be construed against any of the Defendant's Releasees, Lead Plaintiff, or any Settlement Class Member, as an admission or concession that the consideration to be given hereunder represents the amount that could be or would have been recovered after trial; and (e) do not constitute, and shall not be construed as or received in evidence as an admission, concession, or presumption against Lead Plaintiff or any Settlement Class Member that any of their claims are without merit or infirm or that damages recoverable under the Third Amended Complaint would not have exceeded the Settlement Amount.

34.    The Court retains exclusive jurisdiction over the Action to consider all further matters arising out of or connected with the Settlement.

DATED this 22 day of January, 2026
New York, NY

SO ORDERED:

HON. ANDREW L. CARTER, JR.
UNITED STATES DISTRICT JUDGE

_____

HONORABLE ANDREW L. CARTER JR.
UNITED STATES DISTRICT JUDGE