UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re VEON Ltd. Securities Litigation | Case No. 1:15-cv-08672-ALC-OTW |

**ORDER GRANTING DISTRIBUTION OF CLASS ACTION SETTLEMENT FUNDS**

Having considered all materials and arguments submitted in support of Lead Plaintiff's Motion for Distribution of Class Action Settlement Funds (the "Motion"), including the Memorandum of Law in Support of the Motion and the Declaration of Josephine Bravata Concerning the Results of the Claims Administration Process (the "Bravata Declaration"),

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED.

2. This order incorporates by reference the definitions in the Stipulation of Settlement filed with the Court on December 23, 2025 (the "Stipulation") (Dkt. No. 289). All terms not otherwise defined shall have the same meaning as set forth in the Stipulation or the Bravata Declaration.

3. The administrative determinations of the Claims Administrator to accept properly-documented, valid claims, as set forth in the Bravata Declaration and Exhibits B-1 and B-2 thereto, are approved. The administrative determinations of the Claims Administrator to reject inadequately-documented and ineligible claims, set forth in Exhibits D and E of the Bravata Declaration, respectively, are approved.

4. Any person submitting claims received after June 29, 2026, and any responses to deficiency and/or rejection notices received after August 28, 2026, the last day of the claims administration process, are finally and forever barred from asserting such claims.

5. The distribution plan for the Net Settlement Fund as set forth in the Bravata Declaration and accompanying exhibits is approved. The funds that are currently in the Net Settlement Fund (less any necessary amounts to be withheld for payment of potential tax liabilities and related fees and expenses) shall be distributed on a *pro rata* basis to the Authorized Claimants, identified in Exhibits B-1 and B-2 to the Bravata Declaration, pursuant to the Stipulation and the Plan of Allocation of the Net Settlement Fund.

6. The checks for distribution to Authorized Claimants shall bear the notation "CASH PROMPTLY, VOID AND SUBJECT TO RE-DISTRIBUTION 180 DAYS AFTER ISSUE DATE." Class Counsel and the Claims Administrator are authorized to locate and/or contact any Authorized Claimant who has not cashed his, her, or its check within said time. Authorized Claimants who fail to negotiate a distribution check within the time allotted or consistent with the terms outlined in the Bravata Declaration will irrevocably forfeit all recovery from the Settlement.

7. If any funds remain in the Net Settlement Fund by reason of uncashed checks, or otherwise, after the Claims Administrator has made reasonable and diligent efforts to have Authorized Claimants who are entitled to participate in the distribution of the Net Settlement Fund cash their distribution checks, then any balance remaining in the Net Settlement Fund six months after the initial distribution of such funds shall be used to: (i) pay any amounts mistakenly omitted from the initial distribution to Authorized Claimants; (ii) pay any additional Administration Costs incurred in administering the Settlement; and (iii) make a second distribution to Authorized Claimants who cashed their checks from the initial distribution and who would receive at least

$10.00 from such second distribution, after payment of the estimated costs or fees to be incurred in administering the Net Settlement Fund and in making this second distribution, if such second distribution is economically feasible.

8. At such time as Class Counsel, in consultation with the Claims Administrator, determine that the redistribution of funds remaining in the Net Settlement Fund is not cost-effective, Plaintiffs will file a motion requesting that any remaining monies will be donated to a *cy pres* recipient approved by the Court.

9. The Court finds that the administration of the Settlement and proposed distribution of the Net Settlement Fund comply with the terms of the Stipulation and the Plan of Allocation. All persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the Claims submitted herein, or otherwise involved in the administration or taxation of the Settlement Fund or the Net Settlement Fund, are released and discharged from any and all claims arising out of such involvement, and all Settlement Class Members, whether or not they are to receive payment from the Net Settlement Fund, are barred from making any further claim against the Net Settlement Fund or the released persons beyond the amount allocated to them pursuant to this Order.

10. The Claims Administrator is hereby ordered to discard paper or hard copies of claims and all supporting documents no less than one year after all distributions of the Net Settlement Fund to the eligible claimants, and electronic copies of the same no less than three years after all distributions of the Net Settlement Fund to the eligible claimants.

11. This Court retains jurisdiction over any further application or matter which may arise in connection with this Action.

SO ORDERED:

The Clerk of Court is directed to close this matter.

September 1, 2026

HON. ANDREW L. CARTER, JR.
UNITED STATES DISTRICT JUDGE